UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

AUG 7 2007

CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 07-175 |
| v. : | |
| : | Let this be filed. |
| HERMAN PALMER : | *Royce C. Lamberth* |
| : | U.S.D.J. 8/7/07 |
| Defendant, : | |

## STATEMENT OF OFFENSE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, and Defendant, Herman Palmer, hereby submit this Statement of Offense in connection with Defendant's admission of guilt to the offense of Theft of Government Property, in violation of 18 U.S.C. § 641.

The United States Air Force, one of the branches of the United States armed forces, participates in the Federal Government's purchase card (hereinafter "government purchase card" or "GPC") services program, which permits designated federal employees to make purchases on behalf of the government. The government purchase card services program has been implemented by the federal government in order to streamline government procurement by providing a convenient and efficient means of making authorized small purchases of supplies, equipment, and non-personal services. Use of the government purchase card constitutes an expenditure of appropriated funds and is limited only to transactions that are authorized by the government. U.S. Air Force military members and civilian employees who are authorized to make purchases on behalf of the Air Force using the government purchases card (hereinafter "GPC account holders") are required, by U.S. Air Force regulations, to procure supplies, equipment, and non-personal services from designated vendors. If an item that has been authorized for purchase is not available for purchase through the

designated vendors or small businesses, or the designated vendors' or small business' purchase price is significantly greater than the price for which the item is sold by commercial retail stores, GPC account holders may then purchase the item from such retail stores (*i.e.*, Wal Mart, K-Mart, Office Depot, Staples, Target, Best Buy, etc.). After making authorized purchases, GPC account holders are required to enter all the items that they purchased into a Customer Automation & Reporting Environment computer transaction log ("CARE" transaction log), and they must annotate the section of the Air Force Base (e.g., Library, Outdoor Recreation, Skills Development) which authorizes them to make such purchases. The GPC is provided by VISA Corporation, and after GPC account holders make purchases using the card, the Air Force makes periodic payments to VISA as reimbursement for these credit transactions.

   Defendant, Herman Palmer, has been employed as a federal civilian employee for the U.S. Air Force, 11th Services Squadron, located at Bolling AFB, Washington, D.C. (hereinafter "11[th] Services Squadron"), since in or around January 2001. Around January of 2003, Defendant was given authorization to make purchases of small supplies, equipment, and services on behalf of Bolling Air Force Base, and was provided a government purchase card to make these purchases. Defendant also underwent training regarding the proper and improper use of the GPC; among other things, Defendant was instructed that he was strictly prohibited from using the GPC to make unauthorized purchases, including any and all merchandise for personal use and personal expenses. Further, Defendant was specifically advised that he could not use the GPC to obtain, among other things, cash advances, money orders, gift cards, traveler's checks, vehicle rentals and leases, or food and beverage items, or to make payments for personal expenses, such as gas, electric, water, phone, cable television, and other utility services.

Sometime after he obtained a government purchase card, Defendant devised and executed a scheme whereby he would obtain property of the United States by charging personal goods and services utilizing the card and would, at times, represent falsely that the goods and services were authorized by the United States and/or were for its use. This scheme was discovered in or about January 19, 2007, when Anthony Sanders, a Resource Advisor at 11th Services Squadron, decided to conduct a routine reconciliation of charges made by its GPC account holders, and requested from GPC account holders all store purchase receipts and CARE transaction logs for the month of December 2006. When Defendant failed to submit these records, Sanders obtained these records himself from Defendant's desk and began examining them. Sanders's inspection of Defendant's December 2006 store receipts revealed that Defendant had made numerous purchases during the month from commercial retailers that had not been previously designated under the GPC program, and also about which Sanders was unfamiliar as ever having been used in the past by GPC account holders to obtain supplies and equipment on behalf of 11th Services Squadron. One such retailer was DeepDiscountDVD.com, where Defendant spent over $2,500, on such items as DVDs of popular television shows and movies, which, according to the receipts, and later confirmed by a company representative, had been shipped directly to Defendant's residence. Sanders also compared these store receipts with CARE transaction logs from the same period and found that Defendant had either failed to properly annotate the logs, by either omitting the sections on the base where the purchases were authorized, or by falsely providing names of sections that allegedly had authorized purchases, when, in fact, they had not.

Following Sanders's preliminary investigation, he notified United States Air Force Office of Special Investigations (AFOSI) Special Agent Marek Solka, who continued the investigation. The

investigation, which included reviewing store receipts and CARE transaction logs from Defendant's GPC account from the period between on or about January 2005, through on or about February 2007, obtaining purchase records and invoices from various commercial retail stores where Defendant made unauthorized purchases, and interviewing store representatives regarding these purchases, revealed that Defendant used his government purchase card on numerous occasions to obtain over $30,000 worth of personal merchandise, by charging items from various local commercial retail stores, including Target, Wal-Mart, Staples, Office Depot, K-Mart, Nationwide Furniture Warehouse, Best Buy, Circuit City, Home Depot, Lowe's, Radio Shack, Party City, Auto Zone, and Advance Auto Parts. In addition, during this same period Defendant, while using the Internet, made unauthorized purchases of personal merchandise from such online companies as Amazon.com, DeepDiscountDVD.com, Barnesandnoble.com, and Overstock.com. Further, on or about July 6, 2006, Defendant used his GPC to make a payment to J&M Auto, for $2,009.97, for the repair of his personal vehicle, and, between on or about April 7, 2006, through on or about September 6, 2006, Defendant used his GPC to make several payments totaling $1,046.70, to U-Haul Center, located in Capitol Heights, Maryland, for the rental of storage space. Defendant also used his GPC to pay for utility services, including payments to Verizon telephone company and to Comcast cable company. One of the payments Defendant made to Comcast was for $211.52.

On or about June 1, 2007, AFOSI applied for and obtained a Federal search warrant to search Defendant's residence at 3718 Ely Place, S.E., # 201, Washington, D.C., for merchandise, documentation, and other evidence related to Defendant's unauthorized use of his government purchase card. On or about June 8, 2007, agents executed the search warrant and found numerous items of merchandise inside of Defendant's residence that matched store receipts related to purchases

that were made with the GPC used by Defendant. These items included DVDs, music CDs, an X-Box console and video games, stereo speakers, furniture, telephones, children's toys, clothing, portable fans, cordless telephones, three television sets, a DVD recorder, and numerous related store receipts.

Following the search of his residence, agents interviewed Defendant, who had been home at the time the search warrant was executed. After advising Defendant of his Miranda rights and obtaining a waiver of such rights from him, Defendant admitted in a written statement that he had purchased personal items of merchandise and had paid for personal utility services without authorization, using his government-issued GPC. Among these personal items were an engagement ring and wedding band, televisions, a stereo, furniture, cameras, gift cards, and groceries, and he stated that he paid his grandmother's and his cable and telephone bills using his GPC. Defendant also acknowledged these unauthorized purchases by affixing his signature to copies of hundreds of receipts that reflected these transactions, which were shown to him by agents.

As a result of Defendant's fraudulent activity, he received personal merchandise to which he was not entitled, including, but not limited to, food, clothing, furniture, gift cards, electronic equipment including televisions, DVD players and digital cameras, portable fans, DVDs, music CDs, Playstation and X-Box game consoles and video games, appliances, children's toys, and automobile repair-related goods. In addition, Defendant paid for such personal expenses as utility bills, storage space rental, and automobile repair, using government funds. Because of this fraudulent activity executed by Defendant, the government suffered losses in excess of $38,000.

This Statement of the Offense is a summary of Defendant Herman Palmer's participation in the offense of Theft of Government Property, in violation of 18 U.S.C. § 641, and is not intended

to be a complete accounting of all facts and events related to this offense. The limited purpose of this Statement of the Offense is to demonstrate that a factual basis exists to support Defendant's guilty plea in this case.

        Respectfully submitted,

        JEFFREY A. TAYLOR
        United States Attorney

        _____
        Donnell W. Turner
        Assistant United States Attorney
        United States Attorney's Office
        555 Fourth Street, N.W., Room 9828
        Washington, D.C. 20530
        (202) 305-1419


## DEFENDANT'S ACKNOWLEDGMENT

I have read the above 6-page factual proffer and have discussed it with my attorney, Carlos Vanegas, Esq. I fully understand this factual proffer. I agree and acknowledge by my signature that this proffer of facts is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.

Date: 8/7/07

_____
Herman Palmer
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read this factual proffer, and have reviewed it with my client fully. I concur in my client's desire to adopt this factual proffer as true and accurate.

Date: 8/7/07

_____
Carlos Vanegas, Esq.
Attorney for Defendant