UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| | : | CRIMINAL NO.  CR-07-175-01 |
| | : | |
| v. | : | Judge Royce C. Lamberth |
| | : | Sentencing: November 2, 2007 |
| | : | |
| **HERMAN PALMER** | : | |
| | : | |
| **Defendant.** | : | |

**UNITED STATES' MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits its Memorandum in Aid of Sentencing, recommending that the defendant be sentenced to a sentence of 2 years probation, with 12 months of that probation to be served with home detention with the opportunity to work release. In support thereof, the United States respectfully states the following:

Background

The defendant was employed as a federal civilian employee for the United States Air Force, located at Bolling Air Force Base ("AFB"), in Washington, D.C.  Beginning around January 2003, the defendant was provided a government purchase card ("GPC") to make purchases of goods and services on behalf of Bolling AFB.  GPC account holders are required to enter all the items that they purchased into a computer transaction log and indicate the section of the AFB which authorized them to make such purchases.  Well aware that he was not permitted to use the GPC for personal use or expenses, the defendant began in January 2005 charging personal goods and services using the card,

at times representing falsely that the expenditures were authorized by the United States. For example, the defendant spent over $2,500 from a retailer not previously designated under the GPC program for DVDs of popular television shows and movies, and had these items shipped directly to his residence. The defendant for such purchases would either falsely annotate the GPC log by failing to include the sections on the base where such purchases were authorized, or by falsely providing names of sections that had allegedly had authorized purchases.

In total, the defendant used his GPC to obtain well over $30,000 of personal merchandise from various local stores and online companies. Further, in July 2006, the defendant used his GPC to spend $2000 to fix his personal vehicle, between April and September 2006 to spend $1000 to rent storage space for his personal use, and at various times to pay his utility bills.

Pursuant to a search warrant, agents found at the defendant's residence various items that matched receipts of items purchased with the GPC, including DVDs, music CDs, X-Box console and video games, three television sets, and other items. The defendant admitted that he had purchased with his GPC personal items of merchandise and paid for personal utility services without authorization. In total, the government suffered losses of $38,627.34.

Statutory Penalties

Pursuant to 18 U.S.C. § 641, the charge of Theft of Government Property carries a penalty of a term of imprisonment that may not exceed ten years, and the defendant must serve between one and five years probation. 18 U.S.C. § 3561(c)(1).

Sentencing Guidelines

U.S. Probation Officer Renee Moses-Gregory, the PSR writer in this case, has calculated

Defendant's total offense level to be 10 and his criminal history category to be I. PSR ¶ 56. Under these calculations, the defendant falls within a Zone B sentence of 6-12 months.

Sentencing Recommendation

The government recommends that the defendant be sentenced to two years of probation, with 12 months of that to be served in home detention with availability for work release. The recommended sentence is also supported by the factors to be considered by courts as articulated in Title 18, United States Code, Section 3553(a). This provision provides, in pertinent part, that when fashioning a sentence, courts should consider (1) the circumstances surrounding the instant offense and the defendant's criminal history, (2) the seriousness of the offense and the need to promote respect for the law and punishment, (3) potential deterrence, (4) protecting the public, and (5) the rehabilitative needs of the defendant. Id. The defendant's systematic and continuous theft of government money requires more significant punishment than simply having the government accept back the money the defendant stole. The government's proposed sentence underscores the serious nature of the offense and will deter the defendant and others from such schemes in the future. However, the government's proposed sentence also recognizes the defendant's contrition, his lack of criminal record, and willingness to resolve this matter without delay, as well as the fact that the defendant will need access to employment in order to pay off his debt to the United States.

14.     WHEREFORE, based upon the above discussion, and the information reflected in the presentence report, the United States respectfully recommends a period of two years probation, 12 months of which should be served in home detention with availability for work release.

        Respectfully,

        JEFFREY A. TAYLOR
        United States Attorney


        By: _____/s/_____
        Jeff Pearlman
        ASSISTANT UNITED STATES ATTORNEY
        Federal Major Crimes Section
        United States Attorney's Office
        555 Fourth Street, N.W., Room 4231
        Washington, D.C. 20530
        Phone: (202) 353-2385
        Fax: (202) 514-6010

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the United States' Memorandum in Aid of Sentencing was served by first class mail upon counsel of record for the defendant, Carlos Vanegas, Federal Public Defender, 625 Indiana Avenue, NW, Washington, D.C. 20004, this 25th day of October, 2007.

                                                    /s/
                                        Jeff Pearlman
                                        Assistant United States Attorney