UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Crim. No. 07-175(RCL) |
| v. ) | |
| HERMAN PALMER ) | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Herman Palmer, through undersigned counsel, respectfully submits his Memorandum in Aid of Sentencing.

**Procedural History**

Mr. Palmer will appear before the Court on Friday, November 2, 2007 for his sentencing hearing. On August 7, 2007, Mr. Palmer entered a guilty plea to a one count information that charged him with Theft of Government Property in violation of 18 U.S.C. § 641. Pursuant to the conviction Mr. Palmer faces a maximum sentence of ten years of incarceration, followed by a term of supervised release of not more than three years, a maximum fine of $250,000.00 dollars and a $100.00 dollar special assessment.

Probation Officer Renee Moses-Gregory, calculated a sentencing range of 6-12 months of incarceration pursuant to the advisory United States Sentencing Guidelines. The range is based on a Base Offense level 10 and a Criminal History Category I. Because Mr. Palmer's guideline falls within Zone B of the Sentencing Guidelines he is eligible for a period of probation not to exceed five years. See PSR ¶57

1

## ARGUMENT IN SUPPORT FOR A SENTENCE OF PROBATION

**Personal History and Background**

Mr. Palmer is before the Court facing his first criminal conviction. In fact, prior to the instant offense Mr. Palmer had never been arrested or charged with any criminal act. The instant offense is anomalous in an otherwise exemplary life of law abiding conduct and verified work history. His appearance in a sentencing hearing will be an errant departure from the principles and values that he has followed throughout his young but productive life.

There is no simple or defensible explanation for Mr. Palmer's conduct. Prior to his criminal activity nothing in his personal background suggested that he would engage in a two year illegal buying spree. As the investigation revealed, many of the objects were still in their original packaging. He also made purchases that were clearly not for his own personal use like children's toys.

It is noteworthy that Mr. Herman's illegal conduct took place between January 2005 and February 2007. Thus, for nearly two years after receiving the Government Purchase Card (GPC) in January of 2003, Mr. Herman acted responsibly. Moreover, there is no indication that from the time he was hired in January 2001 until January 2005 that he stole from his employer. In view of his pre-2005 employment history at Bolling Air Force Base, Mr. Palmer's conduct seems all the more aberrant.

Although he has brought about a great deal of shame to himself, Mr. Palmer has the capacity to put his life back together. By no means has the shame diminished his commitment to find work and continue to care for his maternal grandmother, which he sees as his paramount responsibility.

An important step in turning his life around was his resolve to plea guilty to his wrongful conduct. His decision was based on the simple fact that he had abused his employer's trust by illegally using his government issued credit card. Mr. Palmer never thought of challenging the allegation since it would have been misleading and dishonest to do so. He recognized that it was his dishonesty that resulted in his legal predicament.

Mr. Palmer wants to prove to the Court, to his family, and the government that he can contribute to his community and live out the remainder of his adult life in a lawful manner. Mr. Palmer is asking the Court for leniency so that he may find employment, pay back the money that he owes and begin the rehabilitation process. As a first time criminal offender Mr. Palmer wants the opportunity to demonstrate a commitment to responsible and law abiding behavior. On account of the totality and circumstance of his life and pursuant to the applicable sentencing statutes, Mr. Palmer respectfully requests that the Court sentence him to a period of probation.

**A.     PURSUANT TO UNITED STATES v. BOOKER, 18 U.S.C. § 3553(a), 18 U.S.C. § 3582, 18 U.S.C. § 3562 AND 28 U.S.C. § 991(b)(1)(B) THE COURT HAS AUTHORITY TO SENTENCE MR. PALMER TO A TERM OF PROBATION**

In United States v. Booker, the Supreme Court held that the mandatory sentencing guidelines were unconstitutional as applied. 125 S. Ct. 738 (2005) The Court further held that judges are required to "take account of the Guidelines together with other sentencing factors," and to "consider" the guidelines along with all the other required factors (emphasis added). The Court is not bound by the guideline range and there is no requirement that a sentence be within the guideline range. The guideline range is just one factor to be considered along with the mandatory statutory factors delineated in 18 U.S.C. § 3553(a).

Those factors include, among others, the nature of the offense, the defendant's history,

the need for the sentence to promote adequate deterrence and to provide the defendant with the needed educational or vocational training, and pertinent policy statements issued by the sentencing commission, the need to avoid unwarranted sentencing disparities among similarly situated defendants. U.S. v. Clifton Price 409 F.3d 436, 442 (D.C. Cir. 2005) Moreover, Sentencing Courts have a continuing duty to "[w]eigh the purposes of sentencing listed in the Sentencing Reform Act." U.S. v. Jabber 362 F.Supp.2d 365, 369 (D. Mass. 2005).

The primary purpose of the sentencing statute, 18 U.S.C. 3553(a), is for the sentencing court to impose a sufficient sentence, but not one that is greater than necessary. 18 U.S.C. § 3553(a) allows the Court to take into account the particularized factors of Mr. Palmer's life and not just the fact of his criminal conduct. This approach is consistent with the goals of 28 U.S.C § 991, the enabling statute of the Sentencing Commission. The enabling statute and the sentencing statue contemplate a flexible and particularized approach to sentencing determinations.

28 U.S.C. § 991(b)(1)(B) provides Sentencing Courts with discretion to "maint[ain] sufficient flexibility to permit individualized sentences when warranted by mitigating or aggravating factors not taken into account in the establishment of general sentencing practices." Application of 18 U.S.C. § 3553(a) along with the flexibility encouraged by 28 U.S.C. § 991(b)(1)(B) strongly suggests that a sentence of probation accomplishes the goals of the two statutes.

### The Nature and Circumstances of the Offense

Mr. Palmer's nonviolent criminal conduct took place five years after he discontinued his education at Howard University. Five years into a job that he believed was going to be

temporary started to feel like permanent dead end employment.  In the meantime the modest salary that he was making did not allow him to buy the material objects that he wanted.  What began as random but illegal purchases turned into an endless spree for material objects that he did not need and did not use.  At the same time he used his CPC for basic necessities like grocery and household items.  In short, there was no rhyme or reason to Mr. Palmer's purchases.  However, once he was confronted with the irregularities concerning the use of his GPC, Mr. Palmer did not deny his criminal responsibility nor minimized his conduct.

### History and Characteristics of Mr. Palmer

Up until he started making the illegal purchases, Mr. Palmer was a law abiding, motivated and capable person.  Despite a difficult childhood including his mother's death when he was three years and the absence of his father Mr. Palmer grew up to be a well adjusted and responsible person.  Academically he did very well and was admitted to Howard University.

Currently, Mr. Palmer is still looking for employment.  Being unemployed has been frustrating for Mr. Palmer since he has been working throughout his adult life.  With the exception of the instant offense, Mr. Palmer has led a productive and law abiding life.  Mr. Palmer's efforts to lead a productive life, extends professionally and personally.  At this point Mr. Palmer is prepared to restart and return his life to the good citizenship that had been his hallmark before 2005.

### The Sentence should reflect the Seriousness of the Offense

Mr. Palmer recognizes that the Court must impose a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment.   While the sentence must provide deterrence and protect the public, it must also provide Mr. Palmer with educational

and vocational training and medical care. In balancing all of the purposes of sentencing, the Court must also impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph [(a)](2)[§ 3553]." See 18 U.S.C. § 3553(a).

A sentence that places Mr. Palmer on community supervision and restricts him to home confinement would be more than adequate to meet the sentencing purposes set forth in 18 U.S.C. § 3553(2)(a). The felony conviction on its own will have employment and voting consequences for the rest of his life. Probation will require a sustained commitment to responsible behavior. On the other hand, incarceration would result in a sentence that is "greater than necessary."

**The sentence should afford adequate deterrence to criminal conduct**

A sentence of probation will more than adequately protect the public and achieve adequate deterrence for the following reasons. First, Mr. Palmer is a first time offender who throughout his life has demonstrated sound decision making skills. Probation will subject Mr. Palmer to a strict supervision regimen which will include reporting to a probation officer, submitting monthly financial reports, and making mandatory restitution payments. Furthermore, he will be required to report any change in his residence, employment and travel outside of the metropolitan area.

Mr. Palmer has been shamed by his conduct. Knowing that he will be forever branded as a convicted felon has been a very sobering. He knows that he has disappointed his family, who just seven years ago believed he was going to be a Howard University graduate. The felony conviction will automatically preclude Mr. Palmer from being hired for a financial position of trust. It is doubtful that any finance or business oriented company would consider hiring him.

His obligation to pay $38,627.34 dollars in restitution requires significant responsibility,

planning and commitment to lead a modest life. All of these factors will weigh heavy in his everyday life. By no means would this structure of obligations and responsibilities be a mere slap on the wrist. It is safe to assume that recidivism for Mr. Palmer is unlikely and the requirements of probation should adequately protect the public.

**The sentence should provide the most effective rehabilitation treatment**

A sentence of probation would most effectively result in Mr. Palmer's rehabilitation. The Probation office could provide Mr. Palmer with referrals for counseling and for job training programs. Mr. Palmer has not exhibited any addictive, violent or any deceitful conduct beyond the instant offense, thereby requiring substantial rehabilitation. With a verified work history and some college education Mr. Palmer has a marketable skill.

As the Pre-Sentence Investigation Report indicates, Mr. Palmer pled guilty to a Class C felony. See PSR¶ 55. 18 U.S.C. §3561 allows for a sentence of probation for a period not to exceed five years.§ 3561(c)(1). 18 U.S.C. §3562 authorizes the Court with the discretion to impose a sentence of probation when appropriate. 18 U.S.C. §3561(a) directs the Court to impose a sentence of probation only after a consideration of "the factors set forth in section 3553(a) to the extent that they are applicable." Mr. Palmer's history, the content of his person, the respect that he has shown for the law during the pendency of his case and his commitment to his grandmother support community based rehabilitation.

A sentence of probation, which includes mandatory restitution, community service and home confinement, along with the life long consequences of a felony conviction can be "just punishment" when the Court considers 18 U.S.C.§3582(a). In pertinent part 18 U.S.C. § 3582 (a) states

"The Court, in determining whether to impose a term of imprisonment, and if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) **to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation**" (emphasis added)

### CONCLUSION

Mr. Palmer is a decent and well meaning young man who made a series of terrible decisions. Those decisions have cost him dearly. Mr. Palmer's felony conviction will have consequences for the remainder of his life. However, in the context of Mr. Palmer's character and background it is safe to assume that it's unlikely that he will re-engage in any criminal conduct.

Mr. Palmer wants the opportunity to demonstrate that he can lead an exemplary life that is characterized by honesty, hard work and responsibility to his family and community. For these reasons undersigned counsel requests that the Court sentence Mr. Palmer to a period of probation and that he serve the first six months under electronic home monitoring.

> Respectfully submitted,
>
> A.J. Kramer
> Federal Public Defender
>
>
> _____/s/_____
> Carlos J. Vanegas
> Assistant Federal Public Defender
> 625 Indiana Ave., N.W., Suite 550
> Washington, D.C. 20004
> (202) 208-7500